NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-152

JOHN TYLER

vs.

MELISSA TYLER.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In relation to a divorce action between John Tyler (Tyler) and Melissa Tyler, now known as Lady Melissa Taylor Morganite (Morganite), 154 Maverick LLC (the LLC) sought to intervene as a matter of right under Mass. R. Civ. P. 24 (a) (2), 365 Mass. 769 (1974).  A judge of the Probate and Family Court denied the motion to intervene, and the LLC now appeals.  The LLC also makes other arguments relating to other judgments made by the Probate and Family Court.  For the reasons below, we affirm the denial of the LLC's motion to intervene and decline to address the LLC's other arguments.

Background.  We summarize the relevant background as follows.  Tyler and Morganite were married in 2004.  In May of

_____

[1] As is our practice, we use the parties' names as they appeared in the complaint.

2011, Tyler and Morganite formed and became the sole members of the LLC, a company tasked with owning and operating the commercial property of 154 Maverick Street.

Tyler and Morganite were parties to the divorce action, in which the ownership of the LLC was contested. As part of that action, the judge, with the agreement of the parties, appointed a special master, to first determine the validity of a prenuptial agreement and the relevant law governing the agreement before making recommendations on the divorce and counterclaim. The special master made recommendations to the Probate and Family Court judge concerning the validity of the prenuptial agreement and the applicable law, and then recommended that certain assets, including the LLC, be equally distributed between the parties in accordance with the parties' prenuptial agreement. In response to the special master's recommendations, the LLC filed the motion to intervene, arguing that "[i]ntervention is necessary to protect the LLC's interests in corporate property, control and governance, and to preserve its limited liability status and its viability." The Probate and Family Court judge denied the LLC's motion to intervene, adopted the findings of the special master, and ordered the special master to "proceed forthwith with the division of marital assets."

2

Discussion. 1. Motion to intervene. We first address the LLC's arguments concerning the motion to intervene, because if we affirm its denial, the LLC is not a party to this action and thus cannot appeal judgments made in this case. Randolph v. Commonwealth, 488 Mass. 1, 6 (2021) (outside of limited exceptions, only parties to lawsuit, or those who properly become parties, may appeal adverse judgment). To be able to intervene as a matter of right, the LLC must have (a) made a timely application, (b) claimed an interest relating to the property or transaction which is the subject of the action, and (c) been so situated that the disposition of the action may impair or impede their ability to protect that interest, unless the applicant's interest was adequately represented by existing parties. See rule 24 (a) (2). "Whether the prospective intervener has met 'the requirements for intervention is a question of law,' and therefore we review the ruling de novo." Beacon Residential Mgt., LP v. R.P., 477 Mass. 749, 753 (2017), quoting Commonwealth v. Fremont Inv. & Loan, 459 Mass. 209, 217 (2011). The LLC made a timely application and claimed an interest relating to the property, which was the subject of the action, making the only issue before us the third requirement, whether the disposition of the action may impede their interest unless their interest was adequately represented by the existing parties.

3

On appeal, the interests that the LLC claims may be impacted by the disposition of this divorce action are its corporate independence and status, and its assets. The LLC has failed to establish that the disposition of the action may impair or impede their ability to protect those interests. The LLC has essentially only one asset, the commercial property of 154 Maverick Street, although the parties do dispute whether this is truly the sole asset of the LLC. Regardless, the LLC's concern is that the equal division of the LLC amongst Tyler and Morganite, as ordered by the judge of the Probate and Family Court, will inevitably result in the selling of that sole asset, causing, as they argue, the LLC to be "effectively 'dissolved.'" The LLC also argues that the Probate and Family Court lacks the power to dissolve the LLC because the Superior Court has exclusive jurisdiction over that, under G. L. c. 156C, § 44.

An order of a Probate and Family Court judge that divides an LLC does not, as the LLC argues, automatically require that the assets of the LLC be sold or that the LLC be dissolved. Equitable division can be, and likely will be, accomplished by simply redistributing the ownership of the LLC between Morganite and Tyler. Simply put, the LLC's argument depends on something that has not occurred: it is premised on a judge of the Probate and Family Court dissolving the LLC, which it has not done yet and does not have the authority to do under G. L. c. 156C, § 44.

4

For purposes of intervention, it is insufficient for the LLC to posit what may or could occur once the ownership of the LLC is divided equally between the parties. For those reasons, we affirm the denial of the motion to intervene.

2. Other arguments. Because we affirm the denial of the LLC's motion to intervene, they are not a party to this action and are unable to appeal any other decisions made by the Probate and Family Court in this case. Additionally, the LLC did not identify the Probate and Family Court's order adopting the recommendations of the special master in its notice of appeal. Mass. R. A. P. 3 (c) (1) (A) (ii), as appearing in 481 Mass. 1603 (2019). For those reasons, we do not address the LLC's other arguments.

Conclusion. For the above reasons, we affirm the denial of the LLC's motion to intervene and decline to address their other arguments.

Order denying intervention affirmed.

By the Court (Meade, Englander & Walsh, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered: May 23, 2023.

---

[2] The panelists are listed in order of seniority.

5